UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division


APR 1 2 2013

PRECISION FRANCHISING LLC, )
)
    Plaintiff, )
)
v. ) Case No. 1:12-cv-00922 (CMH/IDD)
)
ANAS KHALID, )
)
    Defendant. )
)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Precision Franchising LLC's Motion for Default Judgment against Anas Khalid ("Defendant"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 9.) After a licensed attorney for the Defendant failed to appear at the January 4, 2013 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting affidavits and documentation thereto, the undersigned Magistrate Judge recommends that Plaintiff's Motion be GRANTED.

### I.    INTRODUCTION

Precision Franchising LLC ("Plaintiff" or "Precision Franchising") filed a Complaint on August 17, 2012, seeking relief based on claims for breach of contract, federal trademark infringement, common law service mark infringement, and false designation of origin. (Dkt. No. 1.) Plaintiff seeks default judgment against Defendant and requests that this Court award to Plaintiff damages in the amount of $40,031.78 and a permanent injunction.[1] (Mot. Def. J. at 1;

Mem. Supp. Mot. Def. J. at 11.)

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121, as this suit arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* (Compl. ¶ 3.) This Court also has subject matter jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367, which provides the Court with supplemental jurisdiction over such claims. (*Id.*)

Venue is appropriate in this district pursuant to a forum selection clause in the Franchise Agreement entered into by Plaintiff and Defendant. (*See* Compl. Ex. 1 § 26.1.) Generally, a court is a proper venue when a claim is filed in the chosen court pursuant to 28 U.S.C. § 1391. However, federal common law provides that parties may agree to the appropriate venue for litigation arising under the contract, and that such forum selection clauses will be enforced by the courts. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643 (4th Cir. 2010) (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13 (1972)).

The Franchise Agreement at issue in this matter provides that Defendant shall submit to personal jurisdiction in the judicial district in which Plaintiff's principal place of business is located. (Compl. ¶ 5; Compl. Ex. 1 §26.1.) The Agreement also provides that the parties have negotiated the choice of law and forum selection provisions in good faith. (Compl. Ex. 1 § 26.3.) Plaintiff's principal place of business is located in Leesburg, Virginia, which is within the Eastern District of Virginia. (Compl. ¶ 1.) Accordingly, this Court has personal jurisdiction over the non-resident defendant and is also a proper venue for this action.

### B. Service of Process

Under Rule 4(h) of the Federal Rules of Civil Procedure, service upon a corporation shall be effectuated "in the manner prescribed for individuals by subdivision (e)(1) of that rule, or by

---

[1] The Motion for Default Judgment does not address Plaintiff's request for pre- and post-judgment interest, costs, and attorneys' fees demanded in the Complaint. Thus, this Report and Recommendation will focus on Plaintiff's request for monetary damages and injunctive relief. (*See* Dkt. Nos. 1, 9, 10.)

2

delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h). Subdivision (e)(1) provides that service may be achieved "pursuant to the law of the state in which the district court is located, or where service is made . . . ." In addition, Rule 4(e)(2)(A) states that service of process on an individual is proper where such service is carried out by personal delivery of the Summons and Complaint to that individual. *Id.* at 4(e)(2)(A). Thus, service is proper if it is executed according to Virginia or Texas law.

In Virginia, if a party is not found at his place of abode, process can be posted at the front door to the main entrance of the abode. Va. Code § 801.296(2)(b). To complete service in this manner, Plaintiff must mail a copy of the process to Defendant at least ten days prior to entry of default judgment and a certificate of this filing must be filed with the Court. *Id.*

On September 3, 2012, the process server travelled to Defendant's known abode—1116 Hidden Ridge Apartment 2080, Irving, Texas 75308—and no one answered the door. (Dkt. No. 5, Affidavit of Cherry F. Davis ("Davis Aff.").) The process server again travelled to the abode on September 5, 2012 and September 8, 2012. (Davis Aff. at 2.) Each time no one answered the front door. (*See id.*) On September 14, 2012, the process server posted copies of the Summons and Complaint to the door of 1116 Hidden Ridge Apartment 2080. (Dkt. No. 7; Dkt. No. 6-1 Declaration of Bassam Ibrahim ("Ibrahim Decl.") ¶ 2.) Plaintiff sent copies of the Complaint and Summons to Defendant on September 19, 2012 by first class mail. (Ibrahim Decl. ¶ 2.)

Since process was both posted to the front door of Defendant's known abode and thereafter mailed to Defendant, the undersigned Magistrate Judge finds that Plaintiff was properly served under Virginia law and Rule 4(h).

### C. Grounds for Entry of Default

Plaintiff filed the Complaint on August 17, 2012. (Dkt. No. 1.) On October 10, 2012, Plaintiff filed a Request for Entry of Default against the Defendant, and on October 25, 2012, the

3

Clerk entered default against Defendant. (Dkt. Nos. 6, 8.) On November 27, 2012, Plaintiff filed a Motion for Default Judgment and on January 4, 2013, the Court convened a hearing on Plaintiff's Motion. (Dkt. Nos. 9, 15.) When no representative for Defendant appeared at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings,[2] the undersigned Magistrate Judge finds that the Plaintiff has established the following facts.

Precision Franchising is a Virginia limited liability company with its principal place of business in Leesburg, Virginia. (Compl. ¶ 1.) Plaintiff is the licensor of the Precision Tune Auto Care system. (Compl. ¶ 6.) As such, it has licensed others to operate automotive service businesses under the Precision Tune Auto Care service marks and other marks and logos designated by Plaintiff as part of the Precision Tune Auto Care system (the "Proprietary Marks" or "Precision Tune Marks"). (*Id.*) Plaintiff also has allowed the licensees to utilize confidential methods and procedures developed by Precision Tune Auto Care and by Precision Franchising for the operation of Precision Tune Auto Care service centers. (*Id.*) Precision Franchising also provides franchisees with "trade secrets" for its use through manuals, software, and training. (Compl. ¶ 11.) These materials are closely guarded, protected from disclosure, and required to be returned upon termination of franchise agreements. (*Id.*)

Plaintiff's Proprietary Marks are registered with the United States Patent and Trademark Office. (Compl. ¶ 7.) As a result of widespread use, sales, advertising, and promotion of these Marks for thirty-five years, the Marks have become famous identifiers of Plaintiff's products and services. (Compl. ¶ 10.) This fame has benefited Precision Franchising's business reputation. (*Id.*)

---

[2] The pleadings include the Complaint (Dkt. No. 1), Plaintiff's Motion for Default Judgment (Dkt. No. 9), Plaintiff's Memorandum in Support of Default Judgment (Dkt. No. 10), Holly Lance's January 3, 2013 Declaration (Dkt. No. 14), and Holly Lance's February 13, 2013 Declaration (Dkt. No. 16.).

4

Defendant Anas Khalid is a citizen of Texas. (Compl. ¶ 2.) His auto care center is a Texas company with its principal place of business in Texas. (Compl. ¶ 2.) Defendant is party to a Franchise Agreement (the "Franchise Agreement" or "Agreement") with Plaintiff that provides for the operation of an automotive service business ("the Center"), located at 2613 Marsh Lane, Carrollton, Texas 75007. (Compl. ¶ 12.)

Pursuant to the Franchise Agreement, Defendant agreed to "use the center solely for the operation of the Franchised Business." (Compl. Ex. 1 §11.2.1.) The Agreement required that Defendant conduct his business in accordance with Precision Tune Auto Care's manuals including performing only authorized services. (Compl. ¶ 16.) Defendant additionally agreed to not offer any prohibited products without the express written consent of Precision Franchising and to promptly discontinue offering any products upon notice from Plaintiff. (Compl. ¶ 14; Compl. Ex. 1 § 11.2.4.)

Additionally, as part of the Franchise agreement, Defendant was required to maintain full, complete, and accurate books, records, and accounts prepared in accordance with generally accepted accounting principles as prescribed by Precision Franchising in its manuals. (Compl. ¶ 17; Compl. Ex. 1 §12.1.)

In the event of termination of the Agreement, Defendant was required to promptly pay all sums owed to Precision Franchising. (Compl. ¶ 22; Compl. Ex. 1 § 17.1.5.) The Franchise Agreement required Defendant to cease using all proprietary information upon termination or expiration of the Agreement. (Compl. ¶ 20.) Moreover, the Franchise Agreement required Defendant to refrain from operating a similar business on the premises or within five miles of the premises for a two-year period from termination of the Agreement. (Compl. ¶ 24.)

Plaintiff conducted an audit of the Center for the period of December 2008 through December 2010 ("2010 Audit") and discovered that Defendant owed $31,231.69 in additional royalty fees and advertising fees resulting from unreported sales. (*Id.*; Dkt. No. 16.) An additional audit of the Center's January 2011 – December 2011 records ("2011 Audit") revealed that Defendant

continued to sell prohibited goods, and that Defendant owed Plaintiff another $8,800.09 of unpaid royalties and advertising fees resulting from unreported sales in 2011. (Compl. ¶ 28; Dkt. No. 13-2.) As of March 2011, Defendant also advertised and sold vehicles and used tires at the Center which was prohibited. (Compl. ¶ 25.) Plaintiff told Defendant that he was prohibited from advertising and selling vehicles and used tires at the Center. (Compl. ¶ 26.) As a result of Defendant's use of Plaintiff's Marks and Trade Dress in connection with the advertisement and sale of unauthorized goods, Plaintiff has suffered irreparable harm. (*See* Compl. ¶¶ 41, 43, 46, 48, 49.)

Plaintiff sent a notice of default to Defendant informing him of his breach of the Franchise Agreement on March 26, 2012. (Compl. ¶ 29.) An investigation by Plaintiff on July 24, 2012 revealed that Defendant had removed the exterior signage with Precision Tune Marks and was operating the Center under the name "European Car Care." (Compl. ¶ 30.) On August 3, 2012, Plaintiff served Defendant with a termination notice. (Compl. ¶ 31.)

### III. <u>EVALUATION OF PLAINTIFF'S COMPLAINT</u>

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n. 2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has effect of admitting factual allegations in complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss).

### A. Breach of Contract Claim (Count I)[3]

Plaintiff alleges in Count I of the Complaint that Defendant breached the Franchising Agreement by failing to keep accurate books and selling prohibited items resulting in $40,031.78 in damages.

Under Virginia law, a plaintiff properly pleads a breach of contract claim where he alleges that the defendant (1) had a legally enforceable obligation, (2) materially breached that obligation, and (3) such breach caused the plaintiff damage. *Filak v. George*, 267 Va. 612, 619 (2004). A plaintiff must prove these damages with reasonable certainty; contingent, speculative, and uncertain damages are not recoverable. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (2009).

Plaintiff has alleged facts that demonstrate that the parties entered into a valid contract, namely, the Franchise Agreement. Pursuant to the Franchise Agreement, Defendant had an obligation to ensure only authorized services were performed at the Center and to maintain accurate books and records. Defendant sold used cars at the Center despite Plaintiff's notice that such sales were unauthorized. Defendant also knowingly supplied inaccurate records and books. Accordingly, Plaintiff has pled sufficient facts to show that the Defendant breached their obligations under a legally enforceable agreement.

Plaintiff has also pled sufficient facts to show that Defendant' breach caused damage to Plaintiff. Plaintiff alleges that Defendant owes Precision Franchising for unreported sales resulting

---

[3] In evaluating Plaintiff's breach of contract claims, this Court applies the contract law of Virginia. Aside from applying the substantive law of the forum, the Franchise Agreement also provides that the contract shall be governed by Virginia law. (Dkt. No. 16-1, Ex. A § 26.2.)

7

in unpaid royalties and fees for December 2008 through December 2010 and January 2011 through December 2011. Such damages are not speculative and can be proven with reasonable certainty. Consequently, this Court finds that Plaintiff has alleged sufficient facts to support its breach of contract claim in Count I of the Complaint.

Plaintiff requests damages as a result of the breaches of the Agreement. In support of its claim for damages, Plaintiff submitted the declarations of Holly Lance in support of its Motion for Default Judgment. The Lance declarations inform this Court that the amount due for unreported sales, plus royalties and fees are $31,231.69 for the 2010 Audit and $8,800.09 for the 2011 Audit. Plaintiff also submitted copies of the letters from Precision Franchising to Defendant regarding the amount due for the 2010 Audit and a copy of the letter from the auditor to Plaintiff detailing the amount due from the 2011 Audit. (Dkt. No. 13.) Additionally, Plaintiff submitted a copy of the letter from the auditor to Plaintiff detailing the amount due from the 2010 Audit. (Dkt. No. 16.)

Having reviewed the audit reports and the accompanying declarations, this Court finds Defendant owed Plaintiff $40,031.78 based on its breaches of the Franchise Agreement. Specifically, by reporting inaccurate sales Defendant failed to pay Plaintiff sufficient royalties and advertising fees. Therefore, the undersigned recommends Plaintiff's request for damages under its breach of contract claim be granted.

### B. Trademark Claims (Count II, Count III, and Count IV)

In Counts II through IV, Plaintiff alleges various violations of the Lanham Act. Plaintiff's Complaint in Count II seeks relief for Defendant's violation of 15 U.S.C. § 1114 and requests damages "in an amount that has yet to be determined." (Compl. ¶ 41.) In Count III Plaintiff seeks relief for common law trademark and precision trade dress infringement under 15 U.S.C. § 1125(a) and requests damages "in an amount that has yet to be determined." (Compl. ¶ 46.) In Count IV Plaintiff seeks relief for false designation of origin under 15 U.S.C. § 1125(a) and requests damages "in an amount that has yet to be determined." (Compl. ¶ 49.) In the Complaint, Plaintiff also

requests a permanent injunction directing Defendant to comply with his post-termination obligations. Specifically, Plaintiff requests this Court enjoin Defendant from using Plaintiff's Marks and Trade Dress in the future. In its Motion for Default Judgment and Memorandum in Support thereof, Plaintiff seeks solely a permanent injunction prohibiting further infringement of Precision Franchising's intellectual property and does not seek any damages for these Counts.

Pursuant to § 1116 of the Lanham Act, a court may grant injunctions "according to the principles of equity ... to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office...." 15 U.S.C. § 1116(a). Therefore, to determine whether injunctive relief is appropriate, the Court must balance the following four factors: (1) the likelihood of success on the merits of the plaintiffs claim (for a preliminary injunction), or the existence of actual success on the merits (for a permanent injunction); (2) the likelihood of irreparable injury to the Plaintiff in the absence of an injunction; (3) the likelihood of harm to other interested persons if an injunction is issued; and (4) the public interest in granting versus not granting the injunction. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12 (1987) (stating the factors that the court must consider when making a determination about whether injunctive relief should be awarded).

Having accepted the well pled allegations of the Complaint as true, Plaintiff has demonstrated a likelihood of success on the merits because in default judgment this Court accepts all facts in the Complaint as true. Plaintiffs Marks are famous and distinctive identifiers of Plaintiff's products and services. Defendant's use of Plaintiff's Proprietary Marks is likely to cause confusion to customers. Plaintiff has alleged and Defendant, by failing to answer, has admitted that Defendant's use of Plaintiff's Proprietary Mark is likely to cause irreparable harm to Plaintiff. The issuance of an injunction would pose no harm to any other persons and it is in the public's interest to stop Defendant from making false representations to the public that it is presently affiliated with Plaintiff's franchise network. This Court finds that injunctive relief is appropriate and should be

granted pursuant to § 1116 of the Lanham Act. Accordingly, the Defendant should be enjoined from using or registering Precision Tune Marks and Trade Dress.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that the Plaintiff's Motion for Default Judgment be granted and default judgment be entered against Defendant on Counts I, II, III, and IV of the Complaint. In that regard, the undersigned Magistrate Judge recommends that an Order be entered awarding Plaintiff damages for breach of contract in the amount of $40,031.78.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and Defendant at the following addresses:

Anas A. Khalid
1116 Hidden Ridge Apt. 2080
Irving, TX 75038

/s/
Ivan D. Davis
United States Magistrate Judge

April 12, 2013
Alexandria, Virginia